IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BONNIE BURNETTE ERWIN | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-375 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bonnie Burnette Erwin, a prisoner previously confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this civil action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, the Federal Tort Claims Act (FTCA), and the Americans with Disabilities Act (ADA) against the United States of America, Jeff Baney, J.F. Caraway, Mark Inch, Dallas Jones, Clint Sonnier, Dr. Luis Ramos, League Medical Concepts, Croddack, Tikisha Provost, and T. Pike.[1]

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Ramos and League Medical Concepts[2] have filed a motion to dismiss. This Report and Recommendation concerns that motion.

---

[1] Defendants Michael Horowitz, James T. Jack, Deborah Schull, the Secretary of State of Texas, and the Secretary of State of the United States of America were previously dismissed from this action.

[2] Plaintiff incorrectly named "Correct Care Solution/Medical League Concept" as a Defendant. The correct name is League Medical Concepts.

Factual Background

Plaintiff's factual allegations involve three separate categories of claims. First, Plaintiff alleges that prison officials should have evacuated him from the Beaumont prison before Hurricane Harvey made landfall as a tropical storm in the Beaumont area on August 28, 2017, and he complains of the conditions of confinement in the aftermath of the storm. Second, Plaintiff contends that he should be transferred to a medical facility or given a compassionate release because he suffers from serious medical conditions and is receiving inadequate medical care at the Beaumont prison. Finally, Plaintiff contends that one count of his criminal case was reversed, but prison officials are using that count to prevent him from being transferred to a medical facility, released to home confinement, or being approved for a compassionate release.

With respect to Defendants Ramos and League Medical Concepts, Plaintiff contends that they are responsible for neglecting Plaintiff's needs for medical attention and diabetes medication while Hurricane Harvey made landfall and in the immediate aftermath of the hurricane. In addition, Plaintiff alleges Defendant Ramos took some unspecified action to prevent Plaintiff from being transferred to a medical facility.

Defendants' Motion

Defendants Ramos and League Medical Concepts contend that they should be dismissed from this action because *Bivens* claims cannot be brought against a corporate defendant or its employees. In addition, Defendant Ramos argues that Plaintiff has failed to state a claim that is cognizable under the ADA.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Bivens* Claims

In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal employees for alleged violations of constitutional rights. *Bivens*, 403 U.S. at 396. The Supreme Court has declined to extend the reach of *Bivens* to allow a cause of action against a corporation providing services under a contract with the Federal Bureau of Prisons (BOP) or its employees. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001); *see also Minecci v. Pollard*, 566 U.S. 118, 131 (2012) (holding that privately employed personnel working for a private company are not liable under *Bivens*). Because League Medical Concepts is a corporation providing contract medical services for the BOP and Defendant Ramos is employed by League Medical Concepts, they may not be sued under *Bivens*.

*Americans With Disabilities Act*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a prima facie case for discrimination under the ADA, the plaintiff must show that he has a disability, he was qualified for the benefit, and a public entity intentionally denied the benefit because of the plaintiff's disability. *Ivy v. Jones*, 192 F.3d 514, 516 (5th Cir. 1999). In addition to banning discrimination against disabled individuals, the ADA requires public entities to make reasonable accommodations for them. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004). To state a claim under the ADA for failing to accommodate, the plaintiff must prove that: (1) he has a qualifying disability; (2) the public entity knew about the disability and the plaintiff's limitations, either because the plaintiff requested an accommodation or the limitation was obvious; and (3) the public entity failed to make reasonable accommodations. *Smith v. Harris Cnty*, 956 F.3d 311, 317 (5th Cir. 2020); *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723-24 (5th Cir. 2020).

A public entity is defined as a State or local government, a government department or agency, or a commuter authority. 42 U.S.C. § 12131(1). League Medical Concepts, a corporation, and Defendant Ramos, an employee of League Medical Concepts, are not public entities. Because Plaintiff has not alleged that a public entity discriminated against him or failed to make reasonable accommodations for his disability, Plaintiff has not stated a cognizable claim under the ADA against Defendants Ramos or League Medical Concepts.

Recommendation

The motion to dismiss filed by League Medical Concepts and Dr. Luis Ramos should be granted, and they should be dismissed from this action.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge