IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BONNIE BURNETTE ERWIN | § | |
| VS. | § | CIVIL ACTION NO.   1:19-CV-375 |
| UNITED STATES OF AMERICA, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bonnie Burnette Erwin, a prisoner previously confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed this civil action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, the Federal Tort Claims Act (FTCA), and the Americans with Disabilities Act (ADA) against the United States of America, Jeff Baney, J.F. Caraway, Mark Inch, Dallas Jones, Clint Sonnier, Dr. Luis Ramos, Correct Care Solutions/Medical League Concepts, FNU Croddack, Tikisha Provost, and T. Pike.[1]

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

---

[1] Defendants Michael Horowitz, James T. Jack, Deborah Schull, the Secretary of State of Texas, and the Secretary of State of the United States of America were previously dismissed from this action.

Defendants United States of America, Dallas Jones, Tikisha Provost, Clint Sonnier, and Mark Inch filed a motion to dismiss or, in the alternative, a motion for summary judgment.[2] This Report and Recommendation addresses that motion.

## Factual Background

Plaintiff's factual allegations involve three separate categories of claims. First, Plaintiff alleges that prison officials should have evacuated him from the Beaumont prison before Hurricane Harvey made landfall as a tropical storm in the Beaumont area on August 28, 2017, and he complains of the conditions of confinement in the aftermath of the storm. Second, Plaintiff contends that he should be transferred to a medical facility or given a compassionate release because he suffers from serious medical conditions and is receiving inadequate medical care at the Beaumont prison. Finally, Plaintiff contends that one count of his criminal case was reversed, but that prison officials are using that count to prevent him from being transferred to a medical facility, released to home confinement, or being approved for a compassionate release.

## Defendants' Motion

Defendants United States of America, Jones, Provost, Sonnier, and Inch have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5), which provides that a lawsuit or claim may be dismissed if the defendants have not been properly served with process. In the alternative, Defendants move for summary judgment under Federal Rule of Civil Procedure 56,

---

[2] Defendant League Medical Concepts and Dr. Luis Ramos filed their own motion to dismiss, which will be addressed in a separate Report and Recommendation. Although Defendants J. F. Caraway, FNU Croddack, and T. Pike have not been served and have not joined in the motion, the motion to dismiss or for summary judgment inures to the benefit of those Defendants as well. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from the summary judgment motion filed by appearing defendants).

alleging that Plaintiff failed to exhaust administrative remedies with respect to his *Bivens* claims and that he only exhausted one of his FTCA claims.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

*Insufficient Service*

Federal Rule of Civil Procedure 4(m) allows the plaintiff ninety days to serve the defendants after the complaint is filed. If the plaintiff fails to serve the defendants within that time, dismissal is appropriate unless the plaintiff shows good cause for the failure. FED. R. CIV. P. 4(m). As the

3

serving party, Plaintiff bears the burden of demonstrating the validity of service. *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).

Plaintiff submitted returns of service indicating that he attempted to serve the defendants himself by sending them process via certified mail to the Federal Correctional Complex in Beaumont. Federal Rule of Civil Procedure 4(e) states that individuals may be served either: (1) pursuant to the laws of the state in which the court is located or (2) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized by appointment or by law to receive service of process. Service by certified mail is permitted under the laws of the State of Texas. *See* TEX. R. CIV. P. 106(a)(2). When service is made by certified mail, the return of service must contain the addressee's signature. TEX. R. CIV. P. 107(c). The Texas Rules of Civil Procedure provide that process may be served by: (1) a sheriff, constable or other person authorized by law, (2) a person authorized by law or written order of the court who is at least eighteen years old, or (3) a person certified under order of the Texas Supreme Court. TEX. R. CIV. P. 103. A person who is a party or interested in the outcome of the suit may not serve process. *Id*.

In this case, service by certified mail was insufficient because the returns of service do not contain the signatures of the defendants and Plaintiff is not a person authorized to serve process because he is a party to the action. In addition, Plaintiff failed to serve the United States Attorney for the Eastern District of Texas, which he was required to do because he sued the United States and government employees. FED. R. CIV. P. 4(i).

More than ninety days have passed since Plaintiff was provided with summonses to serve the defendants, but he failed to effect service. Therefore, dismissal is warranted unless Plaintiff

shows good cause for his failure to serve the defendants. To prove good cause, the plaintiff must show excusable neglect for failing to serve the defendants. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). In addition, to receive an extension of time to serve the defendants, the plaintiff must show good faith and a reasonable basis for noncompliance with the time set forth in the rule. *Id*.

As a paying litigant, Plaintiff was responsible for serving the defendants. The Clerk of Court issued summonses to Plaintiff on October 29, 2021. On March 14, 2022, Defendants filed their motion to dismiss, which pointed out the deficiencies in service. Plaintiff has had twenty months in which to correct the deficiencies and effect service, but he has not done so. Plaintiff's *pro se* status does not excuse him from the requirement to effect service in accordance with the applicable rules. *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Because Plaintiff has not shown good cause for failing to serve the defendants, the government employee Defendants and the United States of America should be dismissed from this action.

*Bivens Claims*

Although the Defendants should be dismissed for insufficient service, the merits of their grounds for dismissal based on exhaustion will also be considered. Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, Plaintiff was required to exhaust administrative remedies before filing his *Bivens* claims in federal court.

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Federal Bureau of Prisons (BOP) has a four-step administrative process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff (BP-8). 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form (BP-9). 28 C.F.R. § 542.14. Both the informal resolution and the BP-9 must be filed within twenty calendar days following the incident that is the basis for the complaint. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days after the warden's response (BP-10). 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Central Office within thirty days of the Regional Director's decision (BP-11). *Id*.

In support of their motion, Defendants submitted the declaration of Ms. Nancy Bobs, the Executive Assistant at the Federal Correctional Complex, and Plaintiff's grievance records. Ms. Bobs states that she reviewed Plaintiff's administrative remedy filings and only found one related to the subject matter of this action. (ECF No. 30-1 at 3.) The records reflect that Plaintiff filed a BP-11 requesting a medical transfer in 2017. (ECF No. 30-1 at 47.) On April 21, 2017, the BP-11 was rejected because Plaintiff had not filed a BP-10 appealing the denial of his BP-8. Because Plaintiff did not exhaust his claims through each step of the administrative remedy process in a procedurally-correct manner, his *Bivens* claims are unexhausted and should be dismissed.

*FTCA Claims*

The FTCA provides a limited waiver of sovereign immunity. The statute allows the United States to be held liable to the same extent as a private employer for certain common law torts of government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). A claim is not actionable in federal court unless the claimant has exhausted administrative remedies with the appropriate government agency. 28 U.S.C. § 2675(a). The FTCA bars claimants from filing suit in federal court until they have exhausted administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In support of the motion for summary judgment, Defendants submitted the affidavit of Brenda Victor, who is employed as a Government Information Specialist for the Bureau of Prisons. (ECF No. 30-1 at 51-52.) Ms. Victor states that Plaintiff has only filed one tort claim. That claim concerns Plaintiff's allegation that he suffered personal injury when he was abandoned at the Beaumont prison during Hurricane Harvey. (ECF No. 30-1 at 54.) Plaintiff received a response to the tort claim on February 20, 2019. (ECF No. 30-1 at 159.) Therefore, that claim was exhausted.

Any other claims Plaintiff intends to bring under the FTCA are unexhausted and should be dismissed.

## Recommendation

The motion to dismiss filed by the United States of America and the government employee Defendants should be granted, and they should be dismissed from this action.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 30th day of November, 2023.

Zack Hawthorn
United States Magistrate Judge